# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:17 CR 91

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| VICTOR GREGORY JONES | ) |
| | ) |
| **Defendant.** | ) |
| _____ | ) |

Pending before the Court is a Violation Report [# 48] filed by the United States Probation Office alleging that Defendant had violated terms and conditions of his pretrial release. On December 1, 2017, the Court held a bond revocation hearing. Defendant was present with his counsel, Richard E. Cassady, and the Government was present through AUSA John D. Pritchard. From the evidence offered and from the statements of the Assistant United States Attorney and the attorney for Defendant, and the records in this cause, the Court makes the following findings.

**Findings**: At the call of the matter, the Defendant, through his attorney, admitted the allegations contained in the Violation Report. The government then presented testimony through United States Probation Officer Jonathan Mason.

The Defendant was charged in a bill of indictment filed on August 1, 2017, with: one count of possession with intent to distributing Alprazolam, in violation of 21 U.S.C. § 841(a)(1); one count of unlawful use and possession of a firearm in

furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A); and one count of unlawful possession of a firearm while being an unlawful and addicted user to a controlled substance, in violation of 18 U.S.C. § 922(g)(3).

On September 20, 2017, the Court held a bond review hearing. Defendant was ordered to be released on a $25,000 unsecured bond with pretrial supervision. The Court released Defendant on terms and conditions of pretrial release [# 28] which included the following:

(1) The defendant must not violate any federal, state or local law while on release;

(8)(p) refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. §802, unless prescribed by a licensed medical practitioner.

8(s) participate in one of the following location monitoring program components and abide by its requirements as the pretrial services officer or supervising officers instructs.

> (ii) **Home Detention.** You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities pre-approved by the pretrial services office or supervising officer.

On October 19, 2017, the Court accepted Defendant's plea of guilty to counts one of the indictment [# 36]. While still released on bond and awaiting sentencing by the District Court, Defendant violated his terms of release.

On November 29, 2017, Defendant was arrested for violating his conditions

of supervised release. On December 1, 2017, Defendant appeared before the Court for a detention hearing regarding Defendant's violation.

On October 11, 2017, and October 23, 2017, Defendant was away from his approved residence without prior authorization. On October 12, 2017, Defendant used methamphetamines and marijuana. On October 24, 2017, Probation Officer Mason was able to contact Defendant and take a urine sample for drug analysis. On that same date, Defendant admitted to Officer Mason that he used methamphetamines and marijuana on October 12, 2017. The sample collected from Defendant tested positive for cannabinoids, amphetamines, and oxycodone. At the hearing on December 1, 2017, Defendant admitted to these violations.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer

-----

> (1) finds that there is----
> (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
> (B) clear and convincing evidence that the person has violated any other condition of release; and
> (2) finds that ---
> (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
> (B) the person is unlikely to abide by any condition or combination of conditions of release.

If there is probable cause to believe that, while on release, the person

committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community.

Based upon the evidence, the Court finds there is probable cause to believe that Defendant has committed a federal and state crime while on release. The possession and consumption of marijuana is a misdemeanor under federal law, 21 U.S.C. § 844 and is a felony under state law, N.C.G.S. § 90-95(a)(3). Due to the fact there is probable cause to believe that Defendant committed a state felony, a rebuttable presumption arises, pursuant to 18 U.S.C. § 3148 that no condition or combination of conditions would assure that Defendant would not pose a danger to the safety of any other person or the community.

There has further been shown by clear and convincing evidence that Defendant violated the condition of release that ordered him to refrain from use or unlawful possession of a narcotic drug unless it was prescribed by a license medical practitioner. Defendant has clearly violated this condition by using marijuana, amphetamines, and oxycodone—drugs that were not prescribed by a licensed medical practitioner.

Finally, it has been shown that Defendant violated the condition of release that ordered him to participate in home detention. Defendant violated this condition by not being present at his approved residence multiple times.

Due to the findings made above and further considering the presumption that

committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community.

Based upon the evidence, the Court finds there is probable cause to believe that Defendant has committed a federal and state crime while on release. The possession and consumption of marijuana is a misdemeanor under federal law, 21 U.S.C. § 844 and is a felony under state law, N.C.G.S. § 90-95(a)(3). Due to the fact there is probable cause to believe that Defendant committed a state felony, a rebuttable presumption arises, pursuant to 18 U.S.C. § 3148 that no condition or combination of conditions would assure that Defendant would not pose a danger to the safety of any other person or the community.

There has further been shown by clear and convincing evidence that Defendant violated the condition of release that ordered him to refrain from use or unlawful possession of a narcotic drug unless it was prescribed by a license medical practitioner. Defendant has clearly violated this condition by using marijuana, amphetamines, and oxycodone—drugs that were not prescribed by a licensed medical practitioner.

Finally, it has been shown that Defendant violated the condition of release that ordered him to participate in home detention. Defendant violated this condition by not being present at his approved residence multiple times.

Due to the findings made above and further considering the presumption that

has been created and also considering the factors as set forth under 18 U.S.C. § 3142(g), it appears there is no condition or combination of conditions of release that will assure that Defendant will not pose a danger to the safety of any other person or the community. It is the opinion of the Court that, based upon Defendant's actions, it is unlikely that Defendant will abide by any condition or combination of conditions of release.

As a result of the above referenced findings, the Court has determined to enter an order of revocation revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining Defendant.

**ORDER**

**IT IS, THEREFORE**, **ORDERED** that the unsecured bond [# 29] and terms and conditions of pretrial release [# 28] entered in this matter are hereby **REVOKED** and it is **ORDERED** that Defendant be detained pending further proceedings in this matter.

Signed: December 4, 2017

Dennis L. Howell
United States Magistrate Judge